**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

YERICK JAHAO ARANA HARO,

Petitioner,

v.

OFFICER-IN-CHARGE of Imperial Regional Detention Facility, in his/her official capacity, et al.,

Respondents.

Case No.: 3:26-cv-04533-RBM-BJW

**ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

On August 7, 2026, Petitioner Yerick Jahao Arana Haro ("Petitioner") filed a Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons below, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner, a citizen of Ecuador, entered the United States on or around April 17, 2024. (Doc. 1 ¶¶ 2, 18.) On April 18, 2024, the U.S. Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear charging him as a noncitizen "present in the United States who has not been admitted or paroled." (*Id.* ¶ 3.) Petitioner was subsequently released into the United States on an Order of Release on Recognizance ("ORR"). (*Id.* ¶ 4.)

On or around March 4, 2025, "Petitioner submitted an application to stay in the

United States to" the U.S. Citizenship and Immigration Services ("USCIS"). (*Id.* ¶ 21.) USCIS issued Petitioner a work permit on or around November 12, 2025. (*Id.* ¶ 22.)

On June 23, 2026, Petitioner was re-detained while at work "without warning, without a finding that he was a flight risk or a danger to society, without a finding that he had violated the ORR, and without an opportunity to go before a neutral factfinder to determine if he was a danger or flight risk." (*Id.* ¶¶ 5, 23.) Petitioner remains detained in the Imperial Regional Adult Detention Facility. (*Id.* ¶¶ 6, 13.)

On August 7, 2026, Petitioner commenced this action by filing the instant Petition. (Doc. 1.) Pursuant to this Court's Order (*see* Doc. 3), Respondents filed a Response to the Petition on August 17, 2026 (Doc. 4), and Petitioner filed a Reply on August 20, 2026 (Doc. 5).

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims his immigration detention violates the Fifth Amendment's Due Process Clause, 8 U.S.C. § 1226, and its associated regulations. (Doc. 1 ¶¶ 44–52.) Respondents cite the Ninth Circuit's recent decision in *Rodriguez Vasquez v. Bostock*,— F.4th—, 2026 WL 2196424 (9th Cir. July 30, 2026), and assert that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." (Doc. 4 at 2.) Respondents further "acknowledge[ ] that Petitioner was previously released from immigration custody on

conditional parole issued under 8 U.S.C. § 1226(a)" and state they "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. §1226(a)." (*Id.*)

In *Rodriguez Vazquez*, the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 2026 WL 2196424, at *3. Because there is no dispute that Petitioner was detained in the interior of the United States after having resided in the country for more than two years (*see* Doc. 1 ¶ 2), § 1226(a)'s discretionary procedures govern Petitioner's detention. Therefore, and in light of Respondents' non-opposition, the Petition is **GRANTED**.

Additionally, there is no dispute that Petitioner was previously released from immigration detention. (*See* Doc. 4 at 2.) This Court has repeatedly held that a petitioner's prior grant of release on his own recognizance raises a liberty interest and entitles the petitioner to procedural due process rights under the Fifth Amendment's Due Process Clause. *See Faizyan v. Casey*, Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (applying the due process inquiry set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and finding the Government's "revocation of [a petitioner's] conditional parole without an opportunity to be heard deprived [p]etitioner of his due process rights."). The Court therefore adopts its reasoning in those cases and applies it here. For those same reasons, Petitioner's re-detention without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful.

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. The Government is **ORDERED** to immediately release the noncitizen from custody, subject to the conditions of his preexisting ORR.
2. The Court **ORDERS** that, prior to any re-detention, the noncitizen shall receive notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.
3. The noncitizen bears the burden of demonstrating, by a preponderance of the

evidence, that he is not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

4. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[1]

**IT IS SO ORDERED**.

DATE: September 1, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

[1] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").